**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Ricardo GIBSON, Defendant–Appellant.**

No. 88–5636.

United States Court of Appeals,
Fourth Circuit.

Argued June 8, 1989.

Decided July 25, 1989.

Gregory Bruce English (English & Smith, Alexandria, Va., on brief), for defendant-appellant.

Debra Sue Straus, Sp. Asst. U.S. Atty., Washington, D.C. (Henry E. Hudson, U.S. Atty., Alexandria, Va., on brief), for plaintiff-appellee.

Before PHILLIPS, MURNAGHAN, and WILKINSON, Circuit Judges.

PHILLIPS, Circuit Judge:

Ricardo Gibson challenges the district court ruling that the Assimilative Crimes Act (Act), 18 U.S.C. § 13, was properly invoked to charge him with prisoner possession of contraband while he was an inmate at the Lorton, Virginia, Reformatory. The charge was assimilated under the Act from Virginia law. Gibson maintains that he should not have been prosecuted under an assimilated Virginia statute because Lorton is a federal penal institution and the existence of a federal statute governing the same conduct precludes such assimilation. We hold that Lorton is not a federal institution and affirm.

I

On February 18, 1988, a corrections officer found Gibson in possession of phencyclidine (PCP), piperidinocyclohexanecarbonitrile (PCC), and marijuana while he was an inmate at the Lorton Reformatory in Lorton, Virginia. In June 1988 a grand jury returned a six-count bill of indictment. The first three counts charged Gibson under 21 U.S.C. § 841 with possession with intent to distribute PCP, PCC, and marijuana, and the last three counts charged him with prisoner possession of the same substances in violation of the Assimilative Crimes Act, 18 U.S.C. § 13, adopting §§ 53.1–203(5) and (6) of the Code of Virginia. In July 1988 a jury found Gibson guilty under the lesser-included offenses of possession of PCP, PCC, and marijuana under 21 U.S.C. § 844 and guilty as charged under counts four through six. In August 1988 Gibson filed a motion to dismiss counts four through six for lack of jurisdiction, arguing that Lorton was a federal institution and that the government could not properly charge these counts under the Assimilative Crimes Act because of parallel federal statutes governing the same conduct. Gibson also filed a motion

to have the Sentencing Guidelines declared unconstitutional. In September 1988 the district court denied Gibson's motion to dismiss counts four through six, holding that Lorton was not a federal institution and thus that the parallel federal statutes were inapplicable and therefore that Gibson was properly charged under the Act. The district court also refused to declare the Sentencing Guidelines unconstitutional.

Gibson timely appealed the denial of both motions. Because of the Supreme Court's subsequent ruling in *Mistretta v. United States,* —— U.S. ——, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989), which upheld the constitutionality of the Sentencing Guidelines, he has now withdrawn his appeal on that issue.

## II

 The Assimilative Crimes Act permits the United States to adopt state law for any act or omission occurring within the special maritime and territorial jurisdiction of the United States which, "although not made punishable by any enactment of Congress, would be punishable if committed or omitted within the jurisdiction of the State, Territory, Possession, or District in which such place is situated...." 18 U.S.C. § 13. Under its terms, the Act may not be invoked if federal law already proscribes the same conduct. *Williams v. United States,* 327 U.S. 711, 66 S.Ct. 778, 90 L.Ed. 962 (1946); *United States v. Teplin,* 775 F.2d 1261 (4th Cir.1985).

Gibson argues that Virginia law prohibiting prisoner possession of contraband was not assimilable under the Act because of a parallel federal law, 18 U.S.C. § 1791. Section 1791 does proscribe the introduction or possession of contraband in prison but defines "prison" as "a *Federal* correctional, detention, or penal facility." *Id.* at § 1791(d)(4) (previously codified at § 1791(c)(4)) (emphasis added). Thus, Gibson could have been charged under § 1791 only if Lorton is a federal penal institution, and only if he could be so charged does federal law proscribe the same conduct as Virginia law and therefore render this Vir-

ginia law not assimilable under 18 U.S.C. § 13.

Two points establish the failure of Gibson's claim. First, the appellation "federal" in § 1791 pertains to the penal facility, not to the facilities' prisoners. As the legislative history to the 1984 amendment of § 1791 confirms, the offense in § 1791

> was deliberately written to apply only to inmates (whether convicted in a Federal or State court) in a Federal Penal institution. The Committee has not sought to extend coverage to Federal defendants incarcerated in State institutions, believing that the primary interest in barring contraband from those institutions lies with State or local officials.

S.Rep. No. 225, 98th Cong., 2d Sess. 382, *reprinted in* 1984 U.S.Code Cong. & Admin.News 3182, 3522. A state or local penal facility does not become a federal penal facility because it houses federal prisoners. *United States v. Jiminez,* 454 F.Supp. 610, 611 (M.D.Tenn.1978).

It is irrelevant, then, that any prisoner convicted in the District of Columbia, whether for a local or federal offense, is committed to the custody of the United States Attorney General, D.C.Code § 24–425, because the Attorney General may designate as places of confinement "any available, suitable, and appropriate institutions, *whether maintained by the District of Columbia government, the federal government, or otherwise, or whether within or without the District of Columbia.*" *Id.* (emphasis added). The statute distinguishes between those facilities operated by the District of Columbia and those by the federal government, and Lorton is managed by the District of Columbia.

> [The District of Columbia] Department of Corrections under the general direction and supervision of the Mayor of the District of Columbia shall have charge of the management and regulation of ... the Reformatory at Lorton in the State of Virginia ... and [shall] be responsible for the safekeeping, care, protection, instruction, and discipline of all persons committed to such institution[ ]. The Department of Corrections

with the approval of the Council of the District of Columbia shall have power to promulgate rules and regulations for the government of such institution[ ] ..., to classify the inmates, and to provide for their proper treatment, care, rehabilitation, and reformation.

D.C.Code § 24–442. All Lorton employees, including the superintendent, are also subject to the supervision of the District of Columbia's Department of Corrections. D.C.Code § 24–411.

The second point is that the above language in the District of Columbia Code demonstrates that Congress differentiated between a federal and nonfederal penal facility on the basis of who manages and operates the prison rather than who owns it. No one questions that Lorton is located on federally owned property, *Cannon v. United States*, 645 F.2d 1128, 1135 (D.C. Cir.1981); this fact is, after all, a precondition for invocation of the Assimilative Crimes Act. *See* 18 U.S.C. § 13, *incorporating* 18 U.S.C. § 7. But Lorton is nevertheless not a federal prison, since it is managed and regulated by the District of Columbia.

It is apparent, therefore, that in enacting the District of Columbia Code, Congress intended for Lorton to be considered not a federal penal facility but a facility of the District of Columbia. *Accord Cannon*, 645 F.2d 1128, 1135–37 (D.C.Cir.1981); *United States v. Broadnax*, 688 F.Supp. 1080, 1084 (E.D.Va.1988); *Curry–Bey v. Jackson*, 422 F.Supp. 926, 930–31 (D.D.C.1976). Because Lorton is not a federal prison, Gibson could not have been charged under § 1791, which prohibits prisoner possession of contraband only in federal penal institutions. Because federal law does not proscribe the same conduct as that for which he was charged by assimilation of Virginia law, the Assimilative Crimes Act was properly invoked and Gibson's three-count conviction on the assimilated charge must stand.

AFFIRMED.