**UNITED STATES of America,**

v.

**Jose Cristobal CARDONA.**

**No. DR–02–CR–726 AML.**

United States District Court,
W.D. Texas,
Del Rio Division.

March 21, 2003.

Roberto L. Rodriguez, Law Office of Roberto L. Rodriguez, Eagle Pass, TX, for Jose Cristobal Cardona.

Jose Cristobal Cardona, Del Rio, TX, Pro se.

Robert G. Arrambide, Assistant U.S. Attorney, Del Rio, TX, for U.S.

## ORDER

LUDLUM, District Judge.

### BACKGROUND

The defendant, Jose Cristobal Cardona, has been indicted for possession of a prohibited object as an inmate in a federal prison, in violation of Title 18 U.S.C. § 1791(a)(2) (count one). Defendant, while serving a federal sentence at the Val Verde Correctional Facility, was found in possession of the narcotic drug heroin. The defendant was further indicted for providing or attempting to provide a fellow inmate at the Val Verde Correctional Facility with a prohibited object, the controlled substance heroin, in violation of Title 18 U.S.C. § 1791(a)(1) (count two).[1]

The Val Verde Correctional Facility is owned by the private Wackenhut Corporation. The corporation sub-contracts their detention facility to Val Verde County. In turn, Val Verde County has a contract with the United States to house federal inmates. Both federal and state inmates are currently housed at this facility.

The Val Verde Correctional Facility has the sole responsibility of hiring, promoting, and terminating its employees, without any oversight by the Federal Government.

Wackenhut Corporation maintains certification by the Texas Commission on Law Enforcement Officers' Standard Education, but is solely in charge of the everyday operations of the facility.

1. The superseding indictment incorrectly cites Title 18 U.S.C. § 1791(a)(2) as the provision making it illegal to provide an inmate in a prison with a prohibited object. The correct citation for this proposition is Title 18 U.S.C. § 1791(a)(1). The defendant furthers this error by citing in his motion to dismiss count two of the indictment the improper statute

## ANALYSIS

### I. Count One

The defendant moves that count one of the indictment filed against him in the above-styled case be dismissed, as the Val Verde Correctional Facility is not a "prison" within the meaning of the statute under which he was indicted. Title 18 U.S.C. § 1791(a)(2) makes it an offense whenever "an inmate of a prison makes, possesses, or obtains, . . . a prohibited object." Section § 1791(d)(4) defines "prison" to mean "a Federal correctional, detention, or penal facility." Defendant specifically contests the characterization of the Val Verde Correctional Facility as a "federal" facility and, therefore, suggests that any application of the statute in this case would be unconstitutionally vague, and prays that count one of the indictment be dismissed.

█ The Court agrees with the defendant that the Val Verde Correctional Facility is not within the ambit of the federal penal system. Although this particular issue has not been widely raised in this Circuit, the Court agrees with the Honorable William Wayne Justice's ultimate conclusion based upon cases in the Sixth and Fourth Circuits. *See generally, United States v. Rios–Flores,* No. 02–632, slip op. at 4 (W.D.Tex. Jan. 21, 2003) (on January 21, 2003, Judge Justice dismissed a prosecution under Title 18 U.S.C. § 1791(a)(2) on the grounds that the Val Verde Correctional Facility could not be properly characterized as a "prison" under the language of the statute).

Title 21 U.S.C. § 841(a)(1) as the statute forbidding the conduct already noted. The Court feels confident that both the government and the defendant did expect the Court to apply the logic behind Title 18 U.S.C. § 1791(a)(1) and the Court will do so in this order.

The Middle District of Tennessee has held that a state or local facility does not become a "federal penal or correctional institution" simply because it houses federal prisoners. *United States v. Jiminez,* 454 F.Supp. 610, 611 (M.D.Tenn.1978). Even though the federal government may enter into contracts with a local agency for imprisonment of federal prisoners, "no 'federal agency or officer thereof has any authority to exercise any control over the day to day management of the local institution or over the details of the custody and care of federal prisoners confined therein.'" *Jiminez,* 454 F.Supp. at 611–12 (citing *Brown v. United States,* 374 F.Supp. 723, 727 (E.D.Ark.1974)). The case refers the Court to 18 U.S.C. § 4001(b)(1), suggesting that "'[t]he control and management of Federal penal and correctional institutions . . . shall be vested in the Attorney General, who shall promulgate rules for the government thereof, and appoint all necessary officers and employees in accordance with the civil-service laws . . .'" *Id.,* (quoting 18 U.S.C. § 4001). Therefore, when the Attorney General is not permitted to fulfill this role with respect to a penal facility, even when a contract for usage of that facility exists, the facility cannot properly be categorized a "Federal" prison. *Jiminez,* 454 F.Supp. at 611 (citing 18 U.S.C. § 4002).

In the case before this Court, the United States has entered into a contract with the County of Val Verde, who holds a contract with the Wackenhut Corporation, to supply space for the incarceration of federal prisoners. The daily management of the facility, in addition to the care and custody of all prisoners housed in the Val Verde Correctional Facility, is the sole responsibility of the Wackenhut Corporation and the employees hired by that corporation. The Attorney General has no direct control over these managerial functions at the Val Verde Correctional Facility. Therefore, under *Jiminez,* the Val Verde Correctional Facility is not a federal penal facility, under the meaning of the statute, simply by virtue of the contract that exists with the federal government for the confinement of federal prisoners.

The Fourth Circuit, in a case bolstering the *Jiminez* court's logic, targets the fact that "the appellation 'federal' in § 1791 pertains to the penal facility, not to the facilities' prisoners." *United States v. Gibson,* 880 F.2d 795, 796 (4th Cir.1989). The Court continues by pointing to the legislative history of § 1791 confirming that "'the primary interest in barring contraband from [State] institutions lies with State or local officials'" and, therefore, not with the federal government. *Id.* (quoting S.Rep. No. 225, 98th Cong., 2d Sess. 382, *reprinted in* 1984 U.S.Code Cong. & Admin.News 3182, 3522).

In similar cases, the government has contended that because the defendant was serving a federal sentence and was on notice that he was in federal custody, the defendant knew the federal government was in charge of his care and discipline. However, this Court must agree with the Fourth Circuit that the "federal" designation in the statute applies not to the prisoner, but to the facility in which he is incarcerated. Val Verde Correctional Facility is not under the control of the federal government.[2] Given the managerial authority of the local government, it stands to reason that the local government would have more of an interest in prosecuting

---

**2.** In fact, the medical care of the federal inmates at Val Verde Correctional Facility is contracted to be the sole responsibility of the local government. Additionally, the local government, in conjunction with Wackenhut Corporation, is responsible for supplying the facility with well-trained jail staff, security posts, and full surveillance of the inmates. *Rios–Flores,* No. 02–632, slip op. at 4–6.

offenses committed within the facility's walls, and better knowledge of said offenses, than the federal government. The Court, therefore, finds that the local government is in a better position to enforce the compliance with its own rules and regulations than the federal government.

For the purposes of Title 18 U.S.C. § 1791(a)(2) and § 1791(d)(4), the term "federal penal facility" is not defined. The government has previously contended that the plain meaning of the words would allow a county jail, like the Val Verde Correctional Facility, to fit within this category. However, the Court is leery of extending such a vague term to subsume an entire category of county jails when the Court can find no definition, statutory or contractual, giving notice to anyone that county jails are "federal penal facilities." This inescapably vague construction would run afoul of the Due Process Clause of the Fifth Amendment if applied to this defendant, as the ordinary defendant must first have notice of a possible offense in order to tailor his activities to avoid that offense. *Jiminez*, 454 F.Supp. at 613 (quoting *Connally v. General Construction Co.*, 269 U.S. 385, 391, 46 S.Ct. 126, 70 L.Ed. 322 (1926)). Construing a local jail as a federal institution would impermissibly penalize a defendant by not providing him with the fair warning that he could be federally sanctioned for offenses committed within, what ostensibly appears to be, a locally managed facility.

The government has cautioned this Court that to disallow Val Verde Correctional Facility and its federal prisoners the protection of the federal laws would "castrate" the Justice Department's ability to control some of the persons remanded to the custody of the Attorney General. The Court finds this argument without merit, as the Attorney General has contractually relinquished control of the federal prisoners by entering into a transaction with local facilities in order to reap the benefits of efficiency on behalf of the federal government. Although the government argues that Title 18 U.S.C. § 4042(a)(3) makes it incumbent upon the Attorney General to "provide for the protection, instruction, and discipline of all persons charged with or convicted of offenses against the United States," Title 18 U.S.C. § 4013 clearly allows the Attorney General to contract out the care of federal prisoners to non-federal institutions.[3] Therefore, any inference by the government that the Attorney General would be rendered "impotent" by not allowing him the sole domain over federal prisoners is unpersuasive, as this right has been contractually relinquished. The coexisting implication, that the Attorney General's control over only some of his federal prisoners will result in the disparate treatment of all federal prisoners, is likewise unpersuasive as the Attorney General is free to designate the facility in which each of his prisoners will be held. Additionally, the Court is more concerned by the disparate treatment of prisoners housed within the same facility based upon whether they were convicted in state or federal court, than the potential disparate treatment of federal prisoners based on whether they are housed in a federal or non-federal facility.[4]

## II. Count Two

The defendant further moves that count two of the indictment filed against him in

---

3. Title 18 U.S.C. § 4013(a) authorizes the Attorney General to "support" federal prisoners in non-federal institutions for "(1) necessary clothing; (2) medical care and necessary guard hire; [and] (3) the housing, care and security of persons held in custody."

4. In taking this stance, the Court is in concurrence with the recent opinion promulgated on this point by Judge Justice. *Rios–Flores*, No. 02–632, slip op. at 2–3.

the above-styled case be dismissed, as the relevant conduct, providing or attempting to provide a fellow inmate at Val Verde Correctional Facility with a controlled substance, occurred while the fellow inmate was in a non-federal penal facility. Title 18 U.S.C. § 1791(a)(1) states that it is unlawful for any person to violate a statute by "provid[ing] to an inmate of a prison a prohibited object, or attempt[ing] to do so..." This count of the indictment charges the defendant with the specific offense of distributing the narcotic to a fellow inmate in a federal prison, and this Court has already found that the defendant and his fellow inmates are not incarcerated in a federal "prison" as considered by the statute in Title 18 U.S.C. § 1791(a). Therefore, count two of the indictment shall, likewise, be dismissed.

### III.  Count Three

■ The indictment charges the defendant in count three with a violation of Title 21 U.S.C. § 841(a)(1), which makes it a crime to knowingly or intentionally "manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance..." The defendant's motion to dismiss counts one and two of the indictment does cite this statute as one of the grounds for dismissal, perhaps erroneously.  For clarity, this Court notes that the above statute is a generalized drug control statute and is enforceable over all persons within the United States, including those incarcerated under a federal sentence.  The statute does not mention the term "prison" and it is irrelevant that the defendant was or was not in a federal facility under this charge of the indictment.  The Court, then, will not dismiss count three of the indictment under Title 21 U.S.C. § 841(a)(1).

### ORDER

It is hereby **ORDERED** that defendant's motion to dismiss counts one and two of the indictment, filed on March 6, 2003, is **GRANTED**.  Count three of the indictment is not dismissed.